## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**Cloyes Gear and Products, Inc.**
6101 Phoenix Avenue – Suite 2
Fort Smith, Arkansas 72903,

**Case No.**

        **Plaintiff,**

   vs.

**S.A. Gear Company, Inc.**
7252 West 66th Street
Bedford Park, Illinois 60638,

*(Jury Trial Demanded)*

        **Defendant.**

## COMPLAINT

For its complaint against Defendant S.A. Gear Company, Inc., Plaintiff Cloyes

Gear and Products, Inc. alleges as follows:

### Summary of Claim

1.     This lawsuit is brought by Cloyes Gear and Products, Inc. ("Cloyes") to

protect its intellectual property from further, wrongful misappropriation and

infringement by S.A. Gear Company, Inc. ("S.A. Gear"). This is not the first time Cloyes

has been forced to turn to the federal courts for protection from S.A. Gear. In 2003,

Cloyes sued S.A. Gear for, *inter alia*, stealing its trade secrets and intellectual property,

and Cloyes assumed that the subsequent settlement of those claims with S.A. Gear

would stop S.A. Gear from stealing its intellectual property and trade secrets in the

future. Unfortunately, this was not so. For Cloyes has recently obtained evidence that S.A. Gear has again stolen and copied Cloyes's copyrighted and trade secret drawings for certain timing chain components, and S.A. Gear is using this pilfered intellectual property to gain an unfair competitive advantage over Cloyes.

2. Cloyes files this suit to obtain compensation for S.A. Gear's wrongful conduct and to safeguard its valuable intellectual property from continued and future misappropriation and infringement by S.A. Gear. As such, this Complaint seeks damages resulting from S.A. Gear's misappropriation of its trade secrets and unlawful copying of its copyrighted drawings, an injunction barring future misappropriation and copying, and an award of attorneys' fees because such misappropriation and copying was willful, wanton, and malicious.

### Parties

3. Plaintiff Cloyes Gear and Products, Inc. is an Ohio corporation with a principal place of business in Fort Smith, Arkansas. Cloyes is an industry leader in automotive timing products. For more than 75 years, Cloyes has manufactured and sold automotive timing chains, gears, sprockets, and related components to automotive parts retailers and to car manufacturers.

4. Defendant S.A. Gear Company, Inc. is an Illinois corporation with a principal place of business in Bedford Park, Illinois. Compared to Cloyes, S.A. Gear is a newcomer to the automotive timing products industry. Founded in 1992, S.A. Gear began by selling parts to automotive timing product manufacturers, such as Cloyes. Recently, however, S.A. Gear began to directly compete with Cloyes by manufacturing

and selling timing parts directly to retailers. As explained below, S.A. Gear propelled itself into this market by stealing manufacturing equipment, intellectual property, tooling and other items owned by Cloyes.

## Jurisdiction And Venue

5.     The Court has original jurisdiction over this action under the federal diversity jurisdiction statute, 28 U.S.C. § 1332, because Cloyes and S.A. Gear are citizens of different states, and the matter in controversy exceeds $75,000.

6.     The Court also has original jurisdiction under the federal question jurisdiction statute, 28 U.S.C. § 1331, because Cloyes's claim of copyright infringement arises under federal law, namely 28 U.S.C. § 501, *et seq.*

7.     Venue is proper under 28 U.S.C. § 1391(a) and (b) because S.A. Gear resides in the Northern District of Illinois and because the misappropriation, copying and infringement at issue in this action occurred within this judicial district.

## Background

8.     In April 2002, Dynagear, Inc., another automotive timing product manufacturer, became insolvent and filed for Chapter 11 bankruptcy protection.

9.     After Dynagear declared bankruptcy, several Dynagear employees conspired with S.A. Gear to steal from the bankruptcy estate a significant amount of Dynagear's tangible and intangible assets. Essentially, S.A. Gear agreed to hire these employees, and together they used Dynagear's manufacturing equipment, tooling, customer lists, trade dress, and other items to manufacture and sell timing products to Dynagear's former customers.

- 3 -

10.     S.A. Gear copied as much of the Dynagear products and trade dress as it could.  It sold its timing products in boxes that were nearly identical to Dynagear's; it appropriated Dynagear's parts numbering system; it plagiarized Dynagear's catalogue; it began to use Dynagear's tooling, molds and equipment; and it even used a trademark – "Dyno-Timing" – which specifically incorporated a portion of Dynagear's trade name.

11.     Dynagear's assets, however, were not up for grabs.  They had been purchased from the bankruptcy estate by Cloyes.  Specifically, in December 2002, Cloyes paid $6.25 million for all of the assets of Dynagear's Timing Division.

12.     After Cloyes purchased Dynagear's assets, it discovered what S.A. Gear had done.  And, after an unsuccessful effort to convince S.A. Gear to voluntarily cease and desist, in September 2003, Cloyes sued S.A. Gear, its president, and two of its employees in the United States District Court for the Northern District of Illinois, Eastern Division, in a case entitled *Cloyes Gear and Products, Inc. v. S.A. Gear Company, Inc., et al.*, Case No. 03 C 7720.

13.     Cloyes asserted Copyright Act violations, Lanham Act violations, and a number of Illinois common law and statutory claims against the S.A. Gear defendants.

14.     The parties settled the case in June 2004.  Cloyes believed that the lawsuit and subsequent settlement had put an end to S.A. Gear's misconduct regarding the Dynagear assets purchased by Cloyes, and that S.A. Gear would not attempt similar unlawful conduct in the future.  Cloyes, however, was mistaken.

15.     In 2008, Cloyes lost a major customer, a national automotive parts retailer, to S.A. Gear.  In connection with the bidding process, Cloyes learned from the retailer

that S.A. Gear was boasting that it had opened or was planning to open a timing chain manufacturing facility in the Chicago area, which could supply the customer with the same timing chains that had previously been supplied by Cloyes.

16.     It now appears that S.A. Gear was able to usurp Cloyes's relationship with this customer by manufacturing timing chains using Cloyes's own trade secrets and copyrighted drawings.  And Cloyes now possesses evidence that S.A. Gear misappropriated a set of valuable, copyrighted engineering drawings, which show how to manufacture various Dynagear timing chains and their components.

17.     Specifically, Cloyes has learned from a vendor that S.A. Gear has copied drawings and misappropriated various trade secrets related to the manufacture of Cloyes's timing chain products.  Cloyes obtained copies of three of S.A. Gear's drawings, and those drawings are virtually identical to Cloyes's copyrighted drawings. The drawings contain valuable trade secrets, including the dimensions, tolerances, and material specifications of timing chains and their components.

18.     S.A. Gear's copying of Cloyes's drawings is so blatant, that in one particular drawing, S.A. Gear included in its copy the references to various revisions that had been made to the Dynagear/Cloyes drawing, but left blank the corresponding revision notes and explanations contained in the original drawing.  Consequently, the S.A. Gear drawing contains several marks indicating that it has undergone multiple revisions (in exactly the same locations as they appear on Cloyes's drawing), but no actual revision notes or explanations.

19.     On information and belief, S.A. Gear has also misappropriated other valuable trade secret information owned by Cloyes.

20.     The drawings and other trade secret information relating to these products are the product of valuable engineering research and design efforts. They are the product of significant time, money, and effort by Dynagear, for which Cloyes paid valuable consideration. Cloyes owns the exclusive rights to these drawings and trade secrets, which it obtained as part of its $6.25 million acquisition of Dynagear's assets.

21.     The information contained in the drawings and other trade secrets associated with these timing chain products are not known by Cloyes's competitors, and both Dynagear and Cloyes have taken reasonable steps to maintain the secrecy of these drawings and information.

22.     S.A. Gear has improperly copied Cloyes's trade secrets and copyrighted drawings, and is using Cloyes's own intellectual property to unfairly compete with Cloyes.

23.     On August 5, 2009, Cloyes, through counsel, notified S.A. Gear that Cloyes was aware of S.A. Gear's misappropriation and infringement and demanded, *inter alia*, that S.A. Gear immediately cease and desist its unlawful conduct. (**Exhibit 1.**)

24.     On August 13, 2009, S.A. Gear denied Cloyes's allegations and stated, falsely, that it had independently developed the drawings, trade secrets and know-how at issue. (**Exhibit 2.**) Consequently, having twice been put on notice by Cloyes (once during Cloyes's earlier suit and again by letter dated August 5, 2009), S.A. Gear's continued, unlawful conduct is willful, wanton, and malicious.

## COUNT ONE
### *(Violation of Illinois Trade Secrets Act, 765 ILCS 1065/3)*

25.     Cloyes incorporates by reference all of the allegations made in paragraphs 1 through 24 of this complaint as if fully rewritten herein.

26.     The drawings that S.A. Gear misappropriated and copied contain valuable and secret technical information, methods, techniques, processes, and drawings and, as such, the drawings and the information contained therein qualify as "trade secrets" under the Illinois Trade Secrets Act.

27.     On information and belief, S.A. Gear has also misappropriated other valuable trade secret information owned by Cloyes.

28.     Those drawings and other information derive economic value from not being generally known to other persons who can obtain economic value from their disclosure and use.

29.     Both Cloyes and the information's previous owner, Dynagear, have made reasonable efforts under the circumstances to maintain the secrecy and confidentiality of the drawings and information.

30.     S.A. Gear has willfully and maliciously misappropriated Cloyes's trade secrets to commercially benefit itself and to commercially injure Cloyes, and it is likely to do so in the future.

31.     Cloyes has been, and will continue to be, irreparably harmed, damaged, and injured as a result of S.A. Gear's misappropriation of Cloyes's trade secrets.  Also,

S.A. Gear has unlawfully and wrongfully derived, and will continue to derive, income and profits from their misappropriation of Cloyes's trade secrets.

32.    S.A. Gear's misappropriation is willful, wanton, and malicious.

33.    Unless enjoined, S.A. Gear will continue to misappropriate Cloyes's trade secrets and will cause irreparable damage to Cloyes for which it has no adequate remedy at law.

### COUNT TWO
*(Copyright Infringement, 28 U.S.C. § 501, et seq.)*

34.    Cloyes incorporates by reference all of the allegations made in paragraphs 1 through 33 of this complaint as if fully rewritten herein.

35.    The drawings that S.A. Gear misappropriated were authored by Dynagear as "works made for hire." The drawings were first created in the 1980's and were completed in 1999. As the author of the drawings, Dynagear owned the exclusive copyrights to them.

36.    In December 2002, Cloyes purchased the drawings and any and all of the copyrights were assigned to Cloyes.

37.    On August 18, 2009, Cloyes registered its copyrights to the drawings with the United States Copyright Office, which assigned registration number VAu000994390.

38.    S.A. Gear has copied and reproduced Cloyes's drawings, and it likely has done so more than once.

39.    By copying and reproducing the drawings, S.A. Gear has infringed Cloyes's copyright.

40.     S.A. Gear's infringement is willful, wanton, and malicious.

41.     Cloyes has been, and will continue to be, irreparably harmed, damaged, and injured as a result of S.A. Gear's infringements and threatened infringements of Cloyes's copyrights.  Also, S.A. Gear has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

42.     Unless enjoined, S.A. Gear will continue to infringe Cloyes's copyright, which will cause irreparable damage to Cloyes for which it has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Cloyes respectfully prays that this Court enter the following judgment:

1.     As to **Count One**:

        a.     An order requiring S.A. Gear and its agents, servants, and employees to turn over to Cloyes or otherwise destroy all of the drawings (and any copies thereof) which constitute Cloyes's trade secrets, as well as any and all other of Cloyes's trade secrets that are in S.A. Gear's possession, custody, or control.

        b.     An order enjoining S.A. Gear and its agents, servants, and employees from using or divulging the misappropriated drawings or any other Cloyes's trade secrets for any purpose.

        c.     An order awarding Cloyes damages from S.A. Gear for:

(i) all of S.A. Gear's gains, profits, income, and other unjust enrichment derived as a result of its unauthorized use or disclosure of Cloyes's trade secrets;

(ii) all of Cloyes's actual damages resulting from S.A. Gear's unauthorized use or disclosure of Cloyes's trade secrets;

(iii) if appropriate, a reasonable royalty for S.A. Gear's unauthorized use or disclosure of Cloyes's trade secrets;

(iv) exemplary damages;

(v) punitive damages; and

(vi) Cloyes's attorneys' fees.

d. Any other relief that this Court deems just and proper.

2. As to **Count Two**:

a. An order requiring S.A. Gear and its agents, servants, and employees to turn over to Cloyes or otherwise destroy all of the drawings (and all copies thereof) which infringe Cloyes's copyrights, and all other drawings or items made or used in violation of Cloyes's copyrights (and all copies thereof) that are in S.A. Gear's possession, custody, or control.

b. An order permanently enjoining S.A. Gear and its agents, servants, and employees from infringing Cloyes's copyrights.

c. An order awarding Cloyes damages from S.A. Gear for:

(i) all of S.A. Gear's gains, profits, income, and other unjust enrichment attributable to its infringement of Cloyes's copyrights;

        (ii)     all of Cloyes's actual damages resulting from S.A. Gear's infringement of Cloyes's copyrights;

        (iii)    statutory damages for infringement by S.A. Gear that occurred after the date of Cloyes's registration;

        (iv)    exemplary damages;

        (v)     punitive damages; and

        (vi)    Cloyes's attorneys' fees incurred as a result of infringement by S.A. Gear that occurred after the date of Cloyes's registration.

d.     Any other relief that this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Cloyes Gear and Products, Inc. demands a trial by jury on all issues so triable.

CLOYES GEAR AND PRODUCTS, INC.

By /s/ Paul E. Lehner
One of Its Attorneys

Paul E. Lehner
Randall L. Mitchell
ADDUCCI, DORF, LEHNER,
MITCHELL & BLANKENSHIP, P.C.
150 North Michigan Ave., Ste. 2130
Chicago, Illinois 60601-7524
T 312.781.2800
F 312.781.2811
plehner@adlmb.com
rmitchell@adlmb.com

Thomas R. Lucchesi
Stephan J. Schlegelmilch
Matthew J. Cavanagh
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
T 216.621.0200
F 216.696.0740
tlucchesi@bakerlaw.com
sschlegelmilch@bakerlaw.com
mcavanagh@bakerlaw.com

*Counsel for plaintiff*